**114**

In re HAHN.

No. 1589.

District Court, W. D. Texas, Austin Division.

Sept. 30, 1940.

A. W. Hodde, of Brenham, Tex., for petitioner.

Benton Coopwood, of Austin, Tex., for trustee.

McMILLAN, District Judge.

In this matter the bankrupt seeks to have reviewed the action of the Referee in confirming the report of the Trustee refusing to set aside to the bankrupt as a part of his homestead twelve and one-half acres of land in Washington County, Texas.

The bankrupt is the head of a family and is entitled to the exemption of a homestead under the laws of the State. He actually resides on a farm of about one hundred and sixty acres of land in said County. That body of land the Trustee set aside as exempt without exception being taken to his action. The bankrupt, however, owns a tract of about twelve and one-half acres of land situated something over five miles from the place where he resides. This land he acquired by deed from the other members of his family, recorded the day before he went into bankruptcy, though the evidence would tend to indicate that it had been understood among the members of his family for quite a while prior to that time that he was to have this land.

The twelve and one-half acres in controversy was a part of the home tract of the bankrupt's father, Andreas Hahn. It has apparently since the death of his father been treated as a part of the estate of Andreas Hahn and whenever reports of any character with regard to it have been necessary, it was so listed.

The evidence is conflicting as to the character of use made of this twelve and one-half acres by the bankrupt. He, himself, testified that he kept up the fences and improvements thereon and that he had cultivated corn crops on it. His testimony was partially corroborated by his sister, she testifying as to the keeping up of the fences and improvements. His evidence is strongly contradicted by the testimony of a number of disinterested witnesses. The force of his evidence is severely shaken by his own admissions made upon cross-examination.

Counsel for the bankrupt assert a number of propositions of law with regard to the matter. First, they say the homestead law should be construed liberally. Second, that the homestead may consist of an undivided interest in lands. Third, that the undivided interest in such lands may be applied to the land ultimately set apart to the bankrupt. Fourth, that the property claimed as a homestead may either be occupied by any constituent members of the family or it may be leased to tenants.

With these propositions of law, neither the attorney for the Trustee nor the Referee is disposed to quarrel. They assert, on the contrary, and it is perfectly apparent from the record, that the case is one of fact and must turn upon facts. The question is whether the bankrupt had made such a use of this property prior to bankruptcy as to make it a constituent portion of his homestead. He was entitled under the Texas law to two hundred acres in the country and it was not necessary that this acreage be all one solid block but it was necessary that he make such a use of the separated property as would constitute a homestead.

With regard to this, as has been heretofore noted, the evidence is conflicting. The only evidence which would sustain the claim of the bankrupt is that given by him, himself. He, of course, is a vitally interested party and the Trustee and Referee were entitled to take that into consideration in passing upon his testimony. Not only are we confronted with the fact that no member of his family nor any neighbor fully corroborated him, but we have the testimony of a number of disinterested witnesses who thoroughly contradict him. Accordingly, we have nothing to determine here save a pure question of fact, which it appears to the Court has been fairly determined upon ample evidence by the Referee.

While on the hearing of a petition for review the Referee's findings on conflicting evidence are not conclusive, they are presumed to be correct and will not be disturbed unless clearly erroneous, even though the Court might have reached a contrary opinion if the testimony had been presented to it in the first place; nor should the Court override the view taken by the Referee as to the weight which should be given to the testimony of the witnesses. The Court should see to it that the Referee does not abuse his power of resolving contradictions in testimony but where the Referee's decision is based upon substantial evidence, the Court should be slow to dis-

turb it. See Corpus Juris Secundum, Volume 8, Bankruptcy, § 276 j.

The Court being of the opinion that the findings of the Trustee and the order of the Referee are amply supported by the record, the Referee's order will be affirmed and an appropriate judgment may be prepared by counsel for the Trustee and submitted to adversary counsel and then to the Court.